## BLOCK *vs.* McNEIL.

[TROVER FOR CONVERSION OF COTTON.]

1. *Cotton sold for Confederate money; when trover will lie against vendor for conversion of.*—Although Confederate treasury notes can not be considered a sufficient consideration to support a contract for the sale of property ; yet where cotton was sold during the late war for which payment in such currency was accepted, if the vendor ceased to hold the cotton as owner and became the bailee of the purchaser, the latter may maintain trover against him, if he converts it.

APPEAL from Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

On the 5th of January, 1863, the appellee executed a writing in which she acknowledged that on the 30th of December, 1862, she had sold to the appellant fourteen bales of cotton, for which she had received full payment. She also agreed to keep the cotton at the disposal of the appellant, and to take as good care of it as if it were her own, and also to deliver it to him on his demand.   There are two other writings signed by her, each dated December 30, 1862, witnessing the receipt of a part of the purchase-money, and the same admission of a sale to the appellant, and ownership in him, and obligation on her part to deliver it to him when called for.   It was proved that the consideration given for the cotton was Confederate treasury notes.

The suit being by the appellant for the conversion of the cotton, the court charged that all of the written instruments must be construed together ;  that the obligation to keep and deliver was supported only by the same consideration as the sale, and that if that consideration was Confederate currency, it was insufficient to support the contract or obligation.   To this charge the appellant excepted, took non-suit and bill of exceptions, with leave to set aside the non-suit in the supreme court.

The charge of the court is now assigned as error.

S. G. COCHRAN and R. H. DAWSON, for appellant.—The charge given to the jury was erroneous and ought not to have been given.—See opinion of Chief Justice Chase in the case of *Thorington v. Smith & Hartley*, at November term, 1869, of the Supreme Court of the United States.— 8 Wallace, p. 1.

S. J. CUMMING, *contra.*—The charge excepted to should have been refused. The case of *Thorington v. Smith*, 8 Wall. p. 1, does not touch the principle involved in this charge. The proof is clear that the *only* consideration of the contract sued on, was Confederate treasury notes. This question is settled by the ordinance of the convention of 1867, and by the decisions of this court.

The Kentucky courts have held that in contracts founded on Confedrate money, they will not aid either party, but leave them in *statu quo.—Laughlin v. Dean*, 1 Duvall, p. 20.

B. F. SAFFOLD, J.—The case of *Hale v. Houston, Sims & Co.*, January term, 1870, decides that Confederate treasury notes is not a valid consideration in an unexecuted contract.—*Herbert & Gessler v. Easton*, 43 Ala. p. 547, and *Thorington v. Smith*, 8 Wall. p. 1, assert the proposition that a contract which might have been discharged by the payment of Confederate currency is valid, with this only apparent difference—that in the former it was held, construing an ordinance of the State, that the measure of damages for the breach of such a contract was the value of the property at the date of the sale, and in the latter, the value of the currency in lawful money, at the same date, was declared to be the measure of recovery. It is manifest that, unless the contrary is shown, the value of property at the date of its sale in lawful money is the value of the currency agreed to be taken in exchange in the same money, on the axiom that things which are equal to the same thing are equal to each other, at least so far as the parties to such a contract are concerned.

In *Ponder v. Scott*, June term, 1869, the acceptance of payment in Confederate currency of a debt by the owner in his own right, and not in a fiduciary capacity, was held to extinguish the debt, on the ground of a person's privilege to do as he pleases with his own, and the binding effect of voluntary acts when completed.

In this case, if there had been only an agreement to sell the cotton, or even an actual sale of it for Confederate currency, which was paid without a delivery of the cotton, the principle in *Hale v. Houston, Sims & Co., supra*, would govern it. But inasmuch as the jury might well infer from the evidence that Mrs. McNeil had parted with the ownership and possession of the property sold, and had become the bailee of the plaintiff, in which case the contract would have been completely executed, the charge of the court was calculated to mislead the jury, and, in that respect was erroneous.

While Confederate treasury notes can not be considered a sufficient consideration to support a contract for the sale of property; yet, if the property was delivered, and payment in such currency accepted, and the vendor held the property as bailee only of the purchaser, he is liable in an action of trover if he converts it.

The judgment is reversed and the cause remanded.